UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.  12 civ-3729-RWS

TOMJAI ENTERPRISES, CORP.,
a Florida corporation,

      Plaintiff,

v.

LABORATOIRE PHARMAPLUS USA, INC.
d/b/a "Laboratoire Pharmaplus," INTERNATIONAL
BEAUTY TRADE USA, INC., I.B.E. COSMETICS, INC.
a/k/a "International Beauty Exchange," VICTORIA ALBI
INTERNATIONAL, INC., VICTORIA ALBI, INC.,
HARRY AINI, JACOB AINI a/k/a "JACK" AINI,
MICHAEL AINI, EZRA AINI, CHOUL REALTY, INC.,
BEAUTY & COSMETIC NETWORK, CORP.,
BEAUTY & NEW KING, INC., YOUNG BAE KANG
a/k/a "JOHN KING," and KWANSOO KIM
a/k/a "JASON" KIM,

      Defendants.

_____/

INTERNATIONAL BEAUTY TRADE USA, INC.,

      Counter-Plaintiff,

v.

TOMJAI ENTERPRISES, CORP.,

      Counter-Defendant.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## AND DEFENDANT IBT's COUNTERCLAIM

Defendants, LABORATOIRE PHARMAPLUS USA, INC., and I.B.E.

COSMETICS, INC., (hereafter sometimes referred to as the "Dissolved Defendants") and

INTERNATIONAL BEAUTY TRADE USA, INC., and HARRY AINI, (hereafter

1

sometimes referred to as the "Distributor Defendants"), VICTORIA ALBI

INTERNATIONAL, INC., JACOB AINI, and EZRA AINI, (hereafter sometimes

referred to as the "Victoria Defendants"), and BEAUTY & COSMETIC NETWORK,

CORP., BEAUTY & NEW KING, INC., YOUNG BAE KANG and KWANSOO KIM,

(hereafter sometimes referred to as the "King Defendants"), and VICTORIA ALBI INC.

and BEAUTY & COSMETIC NETWORK, CORP., (hereafter sometimes referred to as

the "Inactive Defendants"), by and through undersigned counsel, hereby file this their

Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

      1.     Defendants admit that this action purports to be one for infringement of a

trade mark and trade dress, for false designation of origin, and for unfair competition

under federal and New York state statutory and common law, but deny the substance of

those allegations.

      2.     Defendants admit that Plaintiff's Complaint includes the claims

characterized in paragraph #2, but deny the allegations made and specifically deny that

the trademarks or trade dress are nearly identical or emanating from the same source by

consumers.

      3.     Defendants admit the allegations of paragraph #3.

      4.     Pharmaplus, Distributor Defendants, and J. AINI admit that Pharmaplus is

a dissolved New York corporation and that its principal place of business was at the

address recited in paragraph #4, but deny that Pharmaplus is a manufacturer of the

allegedly Infringing Products. Pharmaplus and Distributor Defendants further admit that

the label copy is accurate; however, deny that Laboratoire Pharmaplus USA, Inc. and

Laboratoire Pharmaplus are the same company as paragraph #4 suggests. All other

Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #4 other than that the label copy appears to be accurate.

5.      Defendants admit the allegations of paragraph #5, except that they deny that the Infringing Products are infringing.

6.      Defendants admit that IBE is a dissolved New York corporation whose address was at the address recited in paragraph #6, but deny the remaining allegations of paragraph #6.

7.      Defendants admit that VA INT is an active New York corporation with its principal place of business at the address recited in paragraph #7, but deny the remaining allegations of paragraph #7.

8.      VA and Victoria Defendants deny that VA is an active New York corporation or that it is a distributor and/or marketer of the allegedly Infringing Products. All other Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #8 and, therefore, deny same.

9.      Defendants, other than King Defendants, admit that H. AINI is a resident of the State of New York at the address recited in paragraph #9, that he is an officer of IBT and, as such, supervises the distribution of the allegedly Infringing Products but deny the remaining allegations of paragraph #9.  King Defendants admit that H. AINI is associated with IBT, but are without knowledge to either admit or deny the remaining allegations of paragraph #9 and, therefore, deny same.

10.     Defendants admit that J. AINI is a resident of the State of New York, and that he has a place of business at 1178 Broadway 5th Floor, New York, NY 10001, but deny the remaining allegations of paragraph #10.

11.     Defendants admit that M. AINI is a resident of the State of Ne w York, but deny the remaining allegations of paragraph #11.

12.     Defendants admit that E. AINI is a resident of the State of New York, and that he has a place of business at 1178 Broadway 5th Floor, New York, NY 10001, but deny the remaining allegations of paragraph #12.

13.     Defendants, other than King Defendants, admit the allegations of paragraph #13. King Defendants are without knowledge to either admit or deny the allegations of paragraph #13.

14.     King Defendants and Distributor Defendants deny that BEAUTY & COSMETIC NETWORK is an active New York corporation or that it is a distributor and/or marketer of the allegedly Infringing Products. All other Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #14 and, therefore, deny same.

15.     King Defendants and Distributor Defendants admit that BEAUTY NEW KING, INC. (misnamed by Plaintiff as "Beauty & New King, Inc.) has its principal place of business at the address recited in paragraph #15, but deny the remaining allegations of paragraph #15.  All other Defendants are without knowledge to either admit or deny the allegations of paragraph #15.

16.     King Defendants and Distributor Defendants admit that J. KING is a resident of the State of New York and that he has a place of business at the address recited in paragraph #16, that he was formerly an officer of BEAUTY & COSMETIC NETWORK and is presently an officer of BEAUTY NEW KING, INC. and, as such, supervises the distribution of the allegedly Infringing Products but deny the remaining

allegations of paragraph #16.  All other Defendants admit that J. KING was associated with BEAUTY & COSMETIC NETWORK, but are without knowledge to either admit or deny the remaining allegations of paragraph #16 and, therefore, deny same.

17.     King Defendants and Distributor Defendants admit that J. KIM is a resident of the State of New York and that he has a place of business at the address recited in paragraph #17, that he was formerly an officer of BEAUTY & COSMETIC NETWORK and is presently an officer of BEAUTY NEW KING, INC. and, as such, supervises the distribution of the allegedly Infringing Products but deny the remaining allegations of paragraph #17.  All other Defendants admit that J. KIM was associated with BEAUTY & COSMETIC NETWORK, but are without knowledge to either admit or deny the remaining allegations of paragraph #17 and, therefore, deny same.

18.     Defendants do not contest the Court's subject matter jurisdiction over this action as alleged.

19.     Defendants do not contest the Court's personal jurisdiction over the Defendants.

20.     Defendants do not contest the Court's supplemental subject matter jurisdiction over this action as alleged.

21.     Defendants admit that venue is proper in the Southern District of New York, but that this case should be transferred to the Southern District of Florida as the first-filed action, for the sake of conserving financial resources and convenience of the parties and witnesses, and in the interests of judicial economy by avoiding multiple cases on the same issues.

22.     Defendants deny the allegations of paragraph #22.

23.     Defendants admit the allegations of paragraph #23.

24.     Defendants admit the allegations of paragraph #24, except to the extent Plaintiff is claiming that all of the brands listed are trademarks owned by Plaintiff, which Defendants deny.

25.     Defendants admit the allegations of paragraph #25, except that Defendants are without sufficient knowledge to either admit or deny the geographical extent of Plaintiff's products' sales as alleged.

26.     Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #26 and, therefore, deny same.

27.     Defendants admit the allegations of paragraph #32, except to the extent it is implied that Registration Number 3,728,336 covers anything other than Plaintiff's logo design.

28.     Defendants admit the allegations of paragraph #33, except to the extent it is implied that Registration Number 3,728,336 covers anything other than Plaintiff's logo design.

29.     Defendants admit that Exhibit B purports to be an International Trademark Registration certificate, but are without sufficient knowledge to either admit or deny the remaining allegations of paragraph #29 and, therefore, deny same.

30.     Defendants admit that Exhibit C purports to be a European Community Trademark Registration certificate, but are without sufficient knowledge to either admit or deny the remaining allegations of paragraph #30 and, therefore, deny same.

31.     Defendants admit that Exhibit D purports to be a Florida trademark registration certificate, but are without sufficient knowledge to either admit or deny the remaining allegations of paragraph #31 and, therefore, deny same.

32.     Defendants deny the allegations of paragraph #32.

33.     Defendants admit that certain products sold by Plaintiff bear the logo design as reflected in paragraph #33. Defendants are without sufficient knowledge to either admit or deny the remaining allegations of paragraph #33 and, therefore, deny same.

34.     Paragraph #34 does not allege any facts which require a response by Defendants.

35.     Defendants deny the allegations of paragraph #35.

36.     Defendants deny the allegations of paragraph #36.

37.     Defendants deny the allegations of paragraph #37.

38.     Defendants deny the allegations of paragraph #38.

39.     Defendants admit they are familiar with Plaintiff's products. CHOUL, Dissolved Defendants and Inactive Defendants deny that they are direct competitors in the cosmetic industry. All other defendant admit to be direct competitors in the cosmetic industry along with many other companies alike.

40.     H. AINI admits to have met with Sandy Imana in 2009, but denies all other allegations of paragraph #40.  J. AINI denies all of the allegations of paragraph #40. allegations which pertain to him and is without sufficient knowledge to either admit or deny the remaining allegations of paragraph #40 and therefore, deny same.  All other

Defendants are without sufficient knowledge to either admit or deny the remaining allegations of paragraph #40 and, therefore, deny same.

41.     Defendants deny the allegations of paragraph #41.

42.     Defendants deny the allegations of paragraph #42.

43.     Defendants admit the allegations of paragraph #43.

44.     Defendants admit the allegations of paragraph #44, to the extent that J. AINI, on behalf of VA INT., knowingly signed and submitted declarations before the USPTO for Application Serial No. 85/360,981, but specifically deny there were any false declarations.

45.     Distributor Defendants admit the allegations of paragraph #45. All other Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #45 and, therefore, deny same.

46.     The King Defendants deny the allegations of paragraph #46.  The remaining Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #46 and, therefore, deny same.

47.     Distributor Defendants admit the allegations of paragraph #47.  All other Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #47 and, therefore, deny same.

48.     Distributor Defendants admit the allegations of paragraph #48.  All other Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #48 and, therefore, deny same.

49.     Victoria Defendants admit the allegations of paragraph #49.  All other Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #49 and, therefore, deny same.

50.     For their response to paragraph #50, Defendants incorporate by reference their prior answers with respect to which Defendants did receive cease and desist letters and which did not and with respect to which Defendants are involved in the distribution of the allegedly Infringing Products and which are not.

51.     Defendants are without sufficient knowledge to either admit or deny the allegations concerning Plaintiff's use and, therefore, deny same. Defendants reincorporate their prior answers with regard to the extent of Plaintiff's registration.

52.     Defendants are without sufficient knowledge as to either admit or deny the allegations concerning when Plaintiff began using its XTREME BRITE logo and, therefore, deny same and deny the remaining allegations of paragraph #52 .

53.     Defendants do not dispute the existence of Plaintiff's Registration No. 3,728,336 but deny the remaining allegations of paragraph #53 and, therefore, deny same.

54.     Defendants deny the allegations of paragraph #54.

55.     Defendants deny the allegations of paragraph #55.

56.     Defendants deny the allegations of paragraph #56.

57.     Defendants admit there is some overlap of customers and trade channels for Plaintiff's products and EXTREME GLOW products, but deny the allegation that they are the all the same as Plaintiff is attempting to infer.

58.     Defendants deny the allegations of paragraph #58.

59.     Defendants deny the allegations of paragraph #59.

60.     Defendants deny the allegations of paragraph #60.

61.     Defendants deny the allegations of paragraph #61.

62.     Defendants deny the allegations of paragraph #62.

63.     Defendants deny the allegations of paragraph #63.

64.     Defendants deny the allegations of paragraph #64.

65.     Defendants deny the allegations of paragraph #65.

66.     Defendants incorporate their prior responses to paragraphs #1 through #65 above as though set forth in full herein.

67.     Defendants admit that Plaintiff is the owner of Registration No. 3,728,336.

68.     Defendants admit that Plaintiff has not authorized Defendants to use Plaintiff's mark.  Defendants deny that they are using a mark which is confusingly similar to Plaintiff's mark or implies an association with Plaintiff.

69.     Defendants deny the allegations of paragraph #69.

70.     Defendants deny the allegations of paragraph #70.

71.     Defendants deny the allegations of paragraph #71.

72.     Defendants deny the allegations of paragraph #72.

73.     Defendants incorporate their prior responses to paragraphs #1 through #72 above as though set forth in full herein.

74.     Distributor Defendants and King Defendants admit that Plaintiff utilized XTREME BRITE on its products prior to the commencement of sales of EXTREME GLOW products. All other Defendants are without sufficient knowledge to admit or deny the remaining allegations of paragraph #74 and, therefore, deny same.

75.     Defendants deny the allegations of paragraph #75.

76.    Defendants deny the allegations of paragraph #76

77.    Defendants incorporate their prior responses to paragraphs #1 through #76 above as though set forth in full herein.

78.    Defendants deny the allegations of paragraph #78.

79.    Defendants deny the allegations of paragraph #79.

80.    Defendants deny the allegations of paragraph #80.

81.    Defendants deny the allegations of paragraph #81.

82.    Defendants deny the allegations of paragraph #82.  Distributor Defendants and King Defendants admit they continue to distribute and sell EXTREME GLOW products, but deny they are committing infringing acts.

83.    Defendants deny the allegations of paragraph #83.

84.    Defendants deny the allegations of paragraph #84.

85.    Defendants incorporate their prior responses to paragraphs #1 through #84 above as though set forth in full herein.

86.    Defendants deny the allegations of paragraph #86.

87.    Defendants deny the allegations of paragraph #87.

88.    Defendants deny the allegations of paragraph #88.

89.    Defendants incorporate their prior responses to paragraphs #1 through #88 above as though set forth in full herein.

90.    Defendants deny the allegations of paragraph #90.

91.    Defendants deny the allegations of paragraph #91.

92.    Defendants incorporate their prior responses to paragraphs #1 through #91 above as though set forth in full herein.

93.     Defendants deny the allegations of paragraph #93.

94.     Defendants deny the allegations of paragraph #94.

95.     Defendants deny the allegations of paragraph #95.

96.     Defendants incorporate their prior responses to paragraphs #1 through #95 above as though set forth in full herein.

97.     Defendants deny the allegations of paragraph #97.

98.     Defendants deny the allegations of paragraph #98.

99.     Defendants deny the allegations of paragraph #99.

100.    Defendants incorporate their prior responses to paragraphs #1 through #99 above although set forth in full herein.

101.    Defendants deny the allegations of paragraph #101.

102.    Defendants deny the allegations of paragraph #102.

103.    Defendants deny the allegations of paragraph #103.

104.    Defendants incorporate their prior responses to paragraphs #1 through #103 above although set forth in full herein.

105.    Distributing Defendants and IBE admit to the lease of warehouse located at the address cited for legal purposes but deny the remaining allegations of paragraph #105.  All other Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #105 and, therefore, deny same.

106.    Distributing Defendants, IBE, M. AINI and J. AINI admit the allegations of paragraph #49 regarding H. AINI and admit that M. AINI was an owner of the address about 5 years ago.   All other Defendants are without sufficient knowledge to either admit or deny the allegations of paragraph #49 and, therefore, deny same.

107.    Defendants deny the allegations of paragraph #107.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's trade dress is functional and incapable of legal protection under trademark law.

2.    Plaintiff's trade dress is not distinctive and has not acquired secondary meaning in the marketplace.

3.    Plaintiff's trademark is a weak mark with limited capability for legal protection.

4.    Plaintiff's trademark has not acquired secondary meaning in the marketplace.

5.    Plaintiff's trade dress is not confusingly similar to the trade dress of the products Plaintiff complains are infringing.

6.    Plaintiff's trademark is not confusingly similar to the trade mark borne by the products Plaintiff complains are infringing.

7.    Plaintiff has acquiesced in the use by others of trade dress that is equally or more similar to the trade dress of the products Plaintiff complains are infringing and, therefore, is estopped from complaining about the trade dress in this case.

8.    Plaintiff has acquiesced in the use by others of trade marks that are equally or more similar to the trademarks borne by the products Plaintiff complains are infringing and, therefore, is estopped from complaining about the trade mark in this case.

## COUNTERCLAIM

Counter-Plaintiff, INTERNATIONAL BEAUTY TRADE USA, INC., sues Counter-Defendant TOMJAI ENTERPRISES, CORP., and alleges:

1.      Counter-Plaintiff has business relations with a number of third-party wholesalers who purchase products from Counter-Plaintiff.

2.      Counter-Defendant is aware that Counter-Plaintiff has business relations with such third parties.

3.      Counter-Defendant has interfered with those relations by sending "cease and desist" letters to such third parties similar to the one attached to Counter-Defendant's Complaint as Exhibit G, maligning Counter-Plaintiff and threatening litigation and other dire consequences if the letters' recipients continue to transact business with Counter-Plaintiff in connection with the Extreme Glow product line.

4.      Such letters and threats were sent for the wrongful and improper purpose of harming legitimate competition.

5.      Such letters were sham cease and desist letters sent in bad faith and/or with an improper motive, intended to harm legitimate competition and not to redress any valid trademark rights.

6.      Counter-Defendant admittedly sent out over 100 such cease and desist letters.

7.      Counter-Defendant's threatening of such third-parties with legal action was wrongful in that Counter-Defendant has no belief in the merit of the litigation with which the third-parties were threatened, or, having some belief in the merit of the threatened suit, nevertheless has threatened to institute litigation in bad faith, intending only to harass the third parties and not to bring such claims to definitive adjudication.

8.     Counter-Defendant's prior history and experience as a defendant in trademark actions further underscores Counter-Defendant's awareness of the invalidity of its current claims.

9.     The litigation threats to such third-parties are shams in that the threatened litigation is objectively baseless and is an attempt to interfere directly with the business relationships of a competitor through the use of the threatened litigation as an anticompetitive weapon.

10.     As a direct and proximate result of Counter-Defendants actions Counter-Plaintiff's business relationships with such third-parties have been damaged, including, but not limited to, the loss of sales to such third-parties and harm to Counter-Plaintiff's reputation.

11.     The acts of Counter-Defendant were willful, wanton and in reckless disregard of the rights of Counter-Plaintiff, and warrant the imposition of punitive damages.

WHEREFORE, Counter-Plaintiff demands judgment against Counter-Defendant for damages, punitive damages, costs and whatever additional relief the Court deems just and proper.

Respectfully submitted,

Pablo E. Bustos, Esq.
1178 Broadway, 5th Floor
New York, New York 10001
Phone: (212) 796-6256

and

GrayRobinson, P.A.
1221 Brickell Avenue
Suite 1600

Miami, FL 33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887

By:    s/Karen L. Stetson
        Karen L. Stetson
        Florida Bar No. 742937
        (*pro hac vice pending*)
        Jonathan L. Gaines
        Florida Bar No. 330361
        (*pro hac vice pending*)

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court using CM/ECF to: Mail to: **RODNEY ALAN BROWN, ESQ.,** The Brown Law Group, P.C., Two Grand Central Tower, 140 East 45th Street, 25th Floor, New York, NY 10017 on this 15th day of June, 2012.

By: /s/ Karen L. Stetson